PER CURIAM.
 

 Robert Lee Clevenger, Jr., appeals his conviction for third-degree murder. Cle-venger was also convicted and sentenced on a charge of aggravated battery on a pregnant person, arising from the same incident, which he does not challenge on appeal. We find that the issue before us is controlled by
 
 Tipton v. State,
 
 97 So.2d 277, 280 (Fla.1957), which reversed a murder conviction where the record contained no evidence “to show any cause of deceased’s death from a medical viewpoint” and “no testimony to show a causal connection between the alleged ‘pushing, shoving and ill treating’ and the death of deceased.” As in
 
 Tipton,
 
 because the State’s evidence neither revealed the victim’s cause of death nor demonstrated a causal connection between Clevenger’s touching of the victim and her death, we find that the trial court should have granted Clevenger’s motion for judgment of acquittal on this charge. Accordingly, we reverse Clevenger’s conviction for third-degree murder and remand for discharge on that count. We affirm the aggravated battery conviction.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 MONACO, LAWSON and EVANDER, JJ., concur.